JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY ROBINSON,<br><br>         Plaintiff,<br>   v.<br><br>DERRICK JOHN TOOLE,<br><br>         Defendant. | Case No. 2:13-cv-5111-ODW(RZx)<br><br>**ORDER DISMISSING CASE FOR LACK OF PROSECUTION** |

On August 7, 2013, the Court issued its Order to Show Cause why this case should not be dismissed for failure to prosecute. (ECF No. 9.) Based on Plaintiff Peggy Robinson's Proof of Service, Defendant Derrick John Toole's answer to the Complaint was due August 7, 2013. (ECF No. 8.) To date, Toole has not filed an answer in this case.

But in response to the Order to Show Cause, instead of filing a request for entry of default or a statement of reasons demonstrating good cause for the failure to prosecute, Robinson filed a stipulation to extend time under Local Rule 8-3. This stipulation is not responsive to the Court's Order to Show Cause.

Federal courts are empowered to administer the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. With such a mandate, courts may dismiss an action for failure to prosecute or to comply with rules and orders under Federal Rule of Civil Procedure 41(b). *See Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002) ("In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the

following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989–92 (9th Cir. 1999) (explaining the factors supporting dismissal with prejudice for failure to prosecute).

Not only is Robinson's stipulation to extend time an improper response to the Order to Show Cause, the stipulation was improperly filed. Logic dictates that a Rule 8-3 stipulation must be filed *prior* to the initial deadline to answer a complaint, not after. The Court concludes that the *Pagtalunan* factors weigh in favor of dismissal of this action. Robinson's failure to engage in the litigation she initiated hampers expeditious resolution of litigation and inhibits the Court's ability to manage its docket. *Yourish*, 191 F.3d at 990 ("The public's interest in expeditious resolution of litigation always favors dismissal."). The Court also reasons that if Robinson is serious about prosecuting this case, she could simply refile it upon dismissal, thereby minimizing any prejudice against her.

Accordingly, the action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with court rules and orders.

**IT IS SO ORDERED.**

August 14, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**